**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSENDO OBREGON-LUNA, | No. 17-71380 |
| Petitioner, | |
| v. | Agency No. A087-747-617 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**

Before:     SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Rosendo Obregon-Luna, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Obregon-Luna has not shown an egregious circumstance that would warrant withdrawal of his pleadings, where he failed to show that his prior counsel's performance was deficient. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830-32 (9th Cir. 2011) (absent egregious circumstances, an attorney's admission or concession is binding on an alien); *Mohammed*, 400 F.3d at 793 (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel failed to perform with sufficient competence and that he was prejudiced by counsel's performance); *Torres-Chavez v. Holder*, 567 F.3d 1096, 1101-02 (9th Cir. 2009) (counsel's tactical decision was not ineffective assistance of counsel).

Substantial evidence supports the agency's determination that Obregon-Luna failed to show changed circumstances to excuse his untimely asylum application, where he failed to show how the recent extortion of his brother materially affected his eligibility for asylum. *See* 8 U.S.C. § 1158(a)(2)(D); *Vahora v. Holder*, 641 F.3d 1038, 1042 (9th Cir. 2011) (an alien may qualify for an exception to the filing deadline if he demonstrates the existence of changed circumstances which materially affect his eligibility for asylum).

Substantial evidence supports the agency's denial of withholding of removal, where Obregon-Luna failed to show a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Substantial evidence supports the agency's denial of relief under CAT, where Obregon-Luna failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the Mexican government. *See Silaya*, 524 F.3d at 1073.

The record does not support Obregon-Luna's contention that the agency failed to consider legal arguments or sufficiently explain its reasoning. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency must consider the issues raised and express its decision "in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**